UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAWN WALLACE** | * CIVIL ACTION NO. 3:14-cv-00657-SDD-RLB |
| | * |
| **VERSUS** | * Judge Shelly D. Dick |
| | * |
| **THE BOARD OF SUPERVISORS** | * |
| **FOR THE UNIVERSITY OF** | * |
| **LOUISIANA SYSTEM** | * Magistrate Judge, Richard L. Bourgeois, Jr. |
| **(SOUTHEASTERN LOUISIANA** | * |
| **UNIVERSITY)** | * |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF TIME-BARRED CLAIMS OF SEXUAL HARASSMENT**

**MAY IT PLEASE THE COURT**:

The Board of Supervisors for the University of Louisiana System (Southeastern Louisiana University ("Defendant" or "SLU") files this Memorandum in Support of Motion *in Limine* to Exclude Evidence of Time-Barred Claims of Sexual Harassment.

**LAW AND ANALYSIS**

1. **Evidence regarding any alleged sexual harassment of Dr. Wallace is irrelevant and should be excluded.**

Dr. Wallace has not filed a claim for sexual harassment. Her claims are for wage discrimination (both Title VII and Equal Pay Act) and for retaliation. Rec. Doc. No.1. She claims that she is not paid as much male faculty members. She further claims that she was retaliated against for filing a claim with the EEOC for wage discrimination.

In the present case, any alleged sexual harassment is not relevant to the claims before this Honorable Court. Any sexual harassment claim she may have had – which is denied – is untimely and is not properly before this Court for consideration. Dr. Wallace never filed any

3

EEOC claim until December 7, 2010, and the EEOC notified her that any sexual harassment claim was untimely. Deposition of Dawn Wallace, p. 61 ln. 25 through p. 62 ln. 3, Exhibit A. There is no mention of a sexual harassment in her EEOC claim filed on December 16, 2010. *See* EEOC charge, Exhibit B. Her EEOC claim did not mention Dr. Settoon either. Only acts of discrimination occurring within 300 days of the date an employee files her charge with the EEOC are actionable under Title VII. Because any sexual harassment claim Dawn Wallace may have had is untimely and is not properly considered by the court, any evidence of sexual harassment is irrelevant and should be excluded at trial.

Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. F.R.E. 401. Irrelevant evidence is not admissible. F.R.E. 402. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. F.R.E. 403.

Courts have routinely excluded evidence related to time-barred claims, in actions for employment discrimination as well as negligence cases. See *Martin v. Nabors Offshore Corp.*, 2002 WL 34359734 (E.D. La. 4/2/02) (excluding evidence of belated claim of statutory violation); *Morvant v. Petroleum Helicopters, Inc.*, 2006 WL 3068833 (E.D. La. 10/26/06) (excluding evidence of untimely claims for discrimination on the grounds such evidence would be unfairly prejudicial and cause an undue delay); *Burzynski v. Cohen*, 264 F.3d 611 (6th Cir. 2001) (affirming exclusion of evidence of time-barred claims of failure to promote); *Pate v. Wal-Mart Stores, Inc.*, 2015 WL 6436530 (D. Nev. 10/21/15) (excluding evidence of plaintiff's post-traumatic stress disorder on the grounds that it was belatedly claimed); *Prism Technologies, LLC*

4

*v. Sprint Spectrum L.P.* 2015 WL 12564168 (D. Neb. 6/8/15) (excluding evidence of various late-asserted theories of recovery as untimely and prejudicial). Other courts have excluded evidence related to claims that are not pending at the time of trial. See *Corbin v. Hagan*, 2007 WL 3003017 (E.D. La. 10/12/07) (excluding evidence related to claims of loss of earning capacity as untimely where they were not pleaded in the complaint or listed in the pre-trial order); *Godwin v. Wellstar Health Systems, Inc.*, 2015 WL 7313399 (N.D. Ga. 11/19/15) (excluding evidence related to claims that had previously been dismissed on summary judgment).

In *Cosgrove v. Greater New Orleans*, 1999 WL 30958 (E.D. La. 1/21/99), the court granted defendant's motion to exclude an incident of harassment, which was time-barred, where it was not relevant to plaintiff's claims. The court explained:

> [T]he circumstances surrounding the incident do not appear to be relevant to plaintiff's remaining claims, and are not admissible unless the plaintiff establishes a connection between the 'Hooper' incident [the time-barred incident] ... and subsequent events. The plaintiff has failed to establish such a connection.
> ***
> While evidence of time-barred conduct may be admissible to prove the occurrence or severity of non-time-barred conduct, this is not the case where, as here, evidence of the time-barred conduct has no relevance to the non-time-barred conduct.

*Id.*, at *1.

Similarly, in *Dhillon v. Lincare Inc. of Delaware*, 2008 WL 2539660 (W.D. La. 6/20/08), the court held that evidence on plaintiff's claims of sexual harassment and race discrimination should be excluded on the grounds that they were time-barred. In *Dhillon*, plaintiff brought suit against her former employer, alleging Title VII claims for racial and sexual harassment and racial discrimination, as well as state law claims for assault and battery and intentional infliction of emotional distress. The court granted summary judgment on plaintiff's Title VII claims for

5

sexual harassment, race discrimination, constructive discharge, and punitive damages, as well as on all the state law claims. The court denied summary judgment on plaintiff's claim of a racially hostile work environment. Defendant filed a motion *in limine* to exclude evidence of the time-barred acts that had been dismissed on summary judgment. The court granted the motion, reasoning:

> Dhillon had also raised Title VII claims of sexual harassment and racial discrimination based on Lincare's failure to promote, discriminatory compensation, and discriminatory job assignments. The Court has granted Lincare's Motion for Summary Judgment on these claims on the basis that Dhillon failed to exhaust her administrative remedies. The claims are, thus, now time-barred. To this extent, Lincare's Motion on Time-Barred Acts is GRANTED, and Dhillon cannot present any evidence or testimony related solely to these claims.

*Id.*, at *2.

Because Dr. Wallace's claims for sexual harassment are time-barred, sexual harassment is of no consequence in determining any of the claims in this action. The holdings in *Cosgrove* and *Dhillon* compels the same result. Because it does not meet the test for admissibility under F.R.E. 401 and 403, any evidence of any alleged sexual harassment of Dr. Wallace is irrelevant and should be excluded. Even if the Court were to determine that the evidence was relevant, it should nevertheless exclude the evidence because the probative value of any such evidence would be outweighed by the dangers of unfair prejudice, confusing the issues, and misleading the jury.

## CONCLUSION

For all of the foregoing reasons, this Court should grant Defendant's Motion *in Limine* to Exclude Evidence of Time-Barred Claims of Sexual Harassment, and exclude any evidence of alleged sexual harassment of Dr. Wallace.

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

*/s/ Guy C. Curry*
Guy C. Curry (#22032)
Ashley E. Gilbert (#29210)
Special Assistant Attorney General
CURRY & FRIEND, APLC
228 St. Charles Avenue, #1200
New Orleans, Louisiana 70130
Telephone: (504) 524-8556
Facsimile: (504) 524-8703

**COUNSEL FOR DEFENDANT, THE**
**BOARD OF SUPERVISORS FOR THE**
**UNIVERSITY OF LOUISIANA**
**SYSTEM**

## CERTIFICATE OF SERVICE

**I DO HEREBY CERTIFY** that a copy of the above and foregoing pleading has been filed into the ECF/CM system for the United States District Court for the Middle District of Louisiana and thus served on all parties on this 30th day of December, 2016.

*/s/ Guy C. Curry*
GUY C. CURRY

7